United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE KAGAN, JAMES AVEN, LAURA JACOBS, JOSEPH SOFFA, and ALBERKRACK FAMILY LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA SECURITIES, LLC, a North Carolina limited liability company; WACHOVIA SECURITIES FINANCIAL NETWORK, LLC, a North Carolina limited liability company; WACHOVIA CAPITAL MARKETS, LLC, a North Carolina limited liability company; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, a Delaware limited liability company; WELLS FARGO SECURITIES, LLC, a Delaware limited liability company; WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 09-5337 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

**I.   INTRODUCTION**

Now before the Court is a Motion to Dismiss ("Motion") filed by Defendants Wells Fargo Advisors LLC; Wells Fargo Advisors Financial Network, LLC; Wells Fargo Securities, LLC; and Wells

Fargo & Company (collectively, "Defendants"). Docket No. 27. Plaintiffs Theodore Kagan, James Aven, Laura Jacobs, Joseph Soffa, and Alberkrack Family Limited Partnership (collectively, "Plaintiffs") filed an Opposition. Docket No. 30. Defendants submitted a Reply. Docket No. 31. Having considered the papers submitted by all parties, and for the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the Motion.

**II.   BACKGROUND**

The following allegations are taken from Plaintiffs' Complaint. Plaintiffs are beneficial owners of securities issued by Asia Pulp and Paper Company, Ltd. ("APP"). Docket No. 1 ("Compl.") ¶¶ 2-6. Defendants, or their predecessors in interest, are brokerage firms and the nominee or record owners of the APP securities. Id. ¶¶ 3, 7-14, 17, 22. While the nominee or record owners appear on official corporate transfer records, the actual interest in the stock is that of the beneficial owner. Id. ¶ 17.

On August 8, 2001, APP was sued in the Southern District of New York for violations of securities law. Id. ¶ 18. On October 13, 2005, the District Court preliminarily approved a settlement in the action. The District Court's order included the following provision:

> The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased APP Instruments during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the

2

Case 3:09-cv-05337-SC Document 32 Filed 07/07/10 Page 3 of 9

> beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners.

Compl. ¶ 20, Ex. A ("Order, Case No. 01-7351") at 6-7. The Notice of Pendency of Class Action and Proposed Settlement contains a similar requirement. Compl. ¶ 21, Ex. B ("Notice") at 12. Plaintiffs allege that Defendants, or their predecessors in interest, failed to forward copies of the Notice and Proof of Claim to the beneficial owners of APP securities, and failed to provide the Claims Administrator with lists of the names and addresses of the beneficial owners. Compl. ¶¶ 3, 23. Plaintiffs allege that if they had been notified, they would have submitted claims and obtained a recovery. Id. ¶¶ 24-28. Plaintiffs have filed a putative class-action lawsuit against Defendants, accusing Defendants of negligence, breach of fiduciary duty and breach of contract. Id. ¶¶ 1, 39-54.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "[T]he tenet that a court must accept as true all of the

3

allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 129 S.Ct. at 1950.  A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] their claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

## IV. DISCUSSION

### A. Negligence and Statute of Limitations

Defendants contend that Plaintiffs' cause of action for negligence should be construed as a claim for professional negligence.  Mot. at 5-8.  Claims for professional negligence are subject to a two-year statute of limitations.  Cal. Code Civ. Proc. § 339(1); Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc., 115 Cal. App. 4th 1145, 1154 (Ct. App. 2004). Defendants contend that Plaintiffs had notice of the APP settlement by the time of the final settlement fairness hearing on February 27, 2006 because notice was published in the Wall Street Journal and the Financial Times.  Mot. at 8; Oct. 13, Order, Case No. 01-7351 at 5, 7.  Defendants contend that Plaintiffs' professional negligence claim accrued on March 6, 2006, the date by which Plaintiffs were required to submit proofs of claim.  Mot. at 8-9. If the two-year statute of limitations applies, then Plaintiffs'

4

1  claim for professional negligence is time-barred because Plaintiffs
2  did not file suit until November 10, 2009.
3      In response, Plaintiffs contend that the "discovery rule"
4  applies. Opp'n at 5. The discovery rule postpones accrual of a
5  cause of action "until the plaintiff discovers, or has reason to
6  discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc.,
7  35 Cal. 4th 797, 807 (2005). Here, the alleged injury is
8  Plaintiffs' lost opportunity to obtain a recovery under the APP
9  settlement. See Opp'n at 1 ("Defendants failed to comply with this
10 order and Plaintiffs never received notice of the settlement,
11 losing the opportunity to receive their portion of the
12 settlement.").
13     The Court agrees with Plaintiffs that the running of the
14 statute of limitations should be tolled until Plaintiffs discovered
15 their injury. In Gryczman v. 4550 Pico Partners, Ltd., the court
16 applied the discovery rule where the owner of real property
17 conveyed it to a second defendant without affording plaintiff
18 notice and the opportunity to exercise his right of first refusal
19 as required by a contract between plaintiff and the owner. 107
20 Cal. App. 4th 1, 3 (Ct. App. 2003). The court noted that "the
21 failure to give plaintiff notice of the happening of a certain
22 event is both the act causing the injury and the act that caused
23 plaintiff not to discover the injury." Id. at 6. Similarly, here,
24 Defendants' failure to ensure beneficial owners of APP securities
25 were notified of the settlement is both the act causing the injury
26 and the act that caused Plaintiffs not to discover the injury.
27 Where a court order required beneficial owners to be notified, the
28 Court finds that publication in two newspapers was insufficient to

provide Plaintiffs with notice of the settlement.  The delayed discovery rule applies.

However, the problem for Plaintiffs is that their Complaint contains no factual allegations about when Plaintiffs discovered their injury.  "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1319 (Ct. App. 2007) (quoting McKelvey v. Boeing North American, Inc., 74 Cal. App. 4th 151, 160 (Ct. App. 1999); see also Fox, 35 Cal. 4th at 674 ("[a] plaintiff seeking to utilize the discovery rule must plead facts to show his or her inability to have discovered the necessary information earlier despite reasonable diligence.").  Therefore the Court DISMISSES Plaintiffs' negligence claim WITH LEAVE TO AMEND so that Plaintiffs have an opportunity to plead the necessary facts.[1]

**B.   Breach of Fiduciary Duty**

Defendants contend that Plaintiffs' claim for breach of fiduciary duty fails because Plaintiffs have not alleged facts giving rise to a fiduciary relationship between Plaintiffs and Defendants.  Mot. at 10.  "[T]he relationship between any stockbroker and his or her customer is fiduciary in nature, imposing on the former the duty to act in the highest good faith toward the customer." Duffy v. Cavalier, 215 Cal. App. 3d 1517, 1534 (Ct. App. 1989).  While there is a fiduciary duty in every

---

[1] The Court will be in a better position to address Defendants' contention that the Complaint sounds in professional negligence after Plaintiffs have pleaded more facts.

6

broker-customer relationship, the scope and extent of the fiduciary obligation depends on the facts of the case. Id. at 1535.

Here, Plaintiffs allege that they are the beneficial owners of APP securities, and that Defendants are the nominee or record owners. Compl. ¶¶ 2-6, 7-14, 17. Plaintiffs allege that Defendants were required to notify Plaintiffs of the APP settlement, and that their failure to do so constitutes a breach of their fiduciary duty to Plaintiffs. Id. ¶¶ 20-23, 44-49. These allegations give rise to a plausible claim for breach of fiduciary duty. Documents concerning the scope of the fiduciary relationship might prove otherwise, but that can be addressed at a later stage of these proceedings.

In moving to dismiss this claim, Defendants rely on Swinden v. Vanguard Group, Inc., No. 09-03816, 2009 WL 3415376 (N.D. Cal. Oct. 21, 2009), and Brown v. Cal. Pension Adm'rs & Consultants, Inc., 45 Cal. App. 4th 333, (Ct. App. 1996). These cases can be distinguished. In Swinden, the plaintiff's sister and co-trustee withdrew money from a trust account created by an investment management company, and the plaintiff sued the company alleging that wire transfers required the approval of both co-trustees. 2009 WL 3415376 at *1. The court found that plaintiff lacked standing to sue on behalf of the trust, and that the parties' agreement did not require two trustees to approve wire transfers. Id. at *2-5. The court dismissed plaintiff's breach of contract claim as well as her tort claims. Id. at *3-7. In Brown, the court affirmed summary judgment in favor of defendants where the documents governing the relationship between the parties indicated that defendants' fiduciary responsibilities toward plaintiffs were

7

very limited. 45 Cal. App. 4th at 348. Neither case concerns an alleged failure of nominee owners of securities to comply with a court order requiring them to notify beneficial owners of a class-action settlement. At this early stage of the proceedings, Plaintiffs' allegations nudge their claim for breach of fiduciary duty across the line from conceivable to plausible. The Court DENIES Defendants' motion to dismiss Plaintiffs' second cause of action.

### C.  Breach of Contract

The Complaint alleges that Plaintiffs and Defendants had a contract for brokerage services, Compl. ¶ 51, and that Defendants' failure to notify Plaintiffs of the APP settlement or to forward their information to the Claims Administrator was a breach of that contract, id. ¶ 53. Plaintiffs do not plead any of the terms of the contract. As such, the Court has no basis for determining the plausibility of Plaintiffs' claim for breach of contract. Therefore, the Court DISMISSES Plaintiffs' claim for breach of contract with LEAVE TO AMEND.

Plaintiffs also allege that "the contract contained an implied covenant of good faith and fair dealing that Defendants would not do anything that would have the effect of injuring the rights of Plaintiffs and the Class to receive the benefits of the contract." Id. ¶ 52. A breach of the implied covenant involves something more than breach of the contractual duty itself. Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1394 (Ct. App. 1990). If the allegations do not go beyond the mere statement of a contract breach, the claim for a breach of the implied covenant is superfluous. Id. at 1395. Here, Plaintiffs' allegations do not go

beyond the mere statement of a contract breach.  <u>See</u> Compl. ¶ 52. Therefore, the Court DISMISSES Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing WITH LEAVE TO AMEND.

## V.     CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.  The Court DISMISSES Plaintiffs' claims for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing.  Those claims are DISMISSED WITHOUT PREJUDICE.  The Court does not dismiss Plaintiffs' claim for breach of fiduciary duty.  Plaintiffs shall file an Amended Complaint within thirty (30) days of this Order. If Plaintiffs choose to re-plead their negligence, breach of contract, and breach of the implied covenant claims, the Amended Complaint should address the deficiencies identified in this Order.

IT IS SO ORDERED.

Dated: July 7, 2010

_____
UNITED STATES DISTRICT JUDGE