IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE KAGAN, JAMES AVEN, FRANCES LEVY, ELAINE SOFFA, JOSEPH SOFFA, and ALBERKRACK FAMILY LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WACHOVIA SECURITIES, LLC, a North Carolina limited liability company; WACHOVIA SECURITIES FINANCIAL NETWORK, LLC, a North Carolina limited liability company; WACHOVIA CAPITAL MARKETS, LLC, a North Carolina limited liability company; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, a Delaware limited liability company; WELLS FARGO SECURITIES, LLC, a Delaware limited liability company; WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10,inclusive,<br><br>    Defendants. | Case No. 09-5337 SC<br><br>ORDER DENYING NAMED DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT |

## I. INTRODUCTION

Now before the Court is a Motion to Dismiss ("Motion") filed by Defendants Wells Fargo Advisors LLC; Wells Fargo Advisors Financial Network, LLC; Wells Fargo Securities, LLC; and Wells

Fargo & Company (collectively, "Named Defendants").  ECF No. 42. Plaintiffs Theodore Kagan, James Aven, Frances Levy, Elaine Soffa, Joseph Soffa, and the Alberkrack Family Limited Partnership (collectively, "Plaintiffs") filed an Opposition.  ECF No. 43. Named Defendants submitted a Reply.  ECF No. 44.  Having considered the papers submitted by all parties, and for the reasons stated below, the Court DENIES the Motion.

**II.   BACKGROUND**

The following allegations are taken from Plaintiffs' Amended Complaint.  Plaintiffs are beneficial owners of securities issued by Asia Pulp and Paper Company, Ltd. ("APP").  Docket No. 35 ("Am. Compl.") ¶¶ 2-7.  Defendants, or their predecessors in interest, are brokerage firms and the nominee or record owners of the APP securities.  Id. ¶¶ 1, 8-15, 18, 23.  While the nominee or record owners appear on official corporate transfer records, the actual interest in the stock is that of the beneficial owner.  Id. ¶ 18.

On August 8, 2001, APP was sued in the Southern District of New York for violations of securities law.  Id. ¶ 19.  On October 13, 2005, the District Court preliminarily approved a settlement in the action.  The District Court's order included the following provision:

> The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased APP Instruments during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) days of receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the

2

> beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners.

Id. ¶ 21. The Notice of Pendency of Class Action and Proposed Settlement, dated November 30, 2005, contains a similar requirement. Id. ¶ 22. Plaintiffs allege that Defendants, or their predecessors in interest, failed to forward copies of the Notice and Proof of Claim to the beneficial owners of APP securities, and failed to provide the Claims Administrator with lists of the names and addresses of the beneficial owners. Id. ¶¶ 3, 24. Plaintiffs allege that if they had been notified, they would have submitted claims and obtained a recovery. Id. ¶¶ 25-36. Plaintiffs have filed a putative class-action lawsuit against Defendants.

On July 7, 2010, the Court dismissed with leave to amend Plaintiffs' claims for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing. ECF No. 32 ("Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss"). Plaintiffs' Amended Complaint alleges negligence, breach of fiduciary duty, and breach of contract. Am. Compl. ¶¶ 47-62.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] their claims across the line from conceivable to plausible." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).

## IV. DISCUSSION

In their Reply brief, Named Defendants withdraw their motion to dismiss insofar as it sought dismissal of Plaintiffs' negligence claim on statute of limitations grounds. Reply at 1 n.1. Therefore the only issue for the Court to decide is whether the Amended Complaint states a claim for breach of contract.

The Amended Complaint alleges that Plaintiffs and the putative class members "entered into a contract with Defendants for brokerage services." Am. Compl. ¶ 59. Plaintiffs allege that:

> One of the terms of the brokerage services agreement was that Defendants would provide Plaintiffs and the Class with all relevant information and communications they receive pertaining to Plaintiffs' and the Class' securities, including those held in Defendants' name for the benefit of Plaintiffs and the Class.

Id. ¶ 60. The Amended Complaint therefore alleges that a specific term of the brokerage services agreement between Plaintiffs and

4

Defendants required Defendants to provide information pertaining to securities to Plaintiffs, and that Defendants breached this obligation by failing to notify Plaintiffs of the APP settlement. Accepting these factual allegations as true, they are sufficient to nudge Plaintiffs' breach of contract claim across the line from conceivable to plausible.  The Court DENIES the Named Defendants' motion to dismiss the third cause of action in the Amended Complaint.

**V.   CONCLUSION**

For the foregoing reasons, the Court DENIES the Named Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: November 23, 2010

_____
UNITED STATES DISTRICT JUDGE