IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>BRENT BALKEMA, as Trustee for the<br>Jesse J. Balkema Rev Trust, on<br>behalf of himself and all others<br>similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>WACHOVIA SECURITIES, LLC, a North<br>Carolina limited liability<br>company; WACHOVIA SECURITIES<br>FINANCIAL NETWORK, LLC, a North<br>Carolina limited liability<br>company; WELLS FARGO ADVISORS,<br>LLC, a Delaware limited liability<br>company; and WELLS FARGO<br>SECURITIES FINANCIAL NETWORK, LLC,<br>a Delaware limited liability<br>company,<br><br>                  Defendants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 11-412 SC<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS AND<br>GRANTING PLAINTIFF'S MOTION<br><u>TO CONSOLIDATE</u></td></tr>
</table>

I.  **<u>INTRODUCTION</u>**

Before the Court is a Motion to Dismiss filed by Defendants Wells Fargo Advisors, LLC (sued under this name and under the name "Wachovia Securities, LLC") and Wells Fargo Advisors Financial Network, LLC (sued under this name and under the name "Wachovia Securities Financial Network, LLC") (collectively, "Defendants"). ECF No. 58 ("Mot."). Plaintiff Brent Balkema ("Plaintiff") filed an Opposition, and Defendants filed a Reply. ECF No. 68 ("Opp'n"),

United States District Court
For the Northern District of California

1   69 ("Reply").  Also before the Court is Plaintiff's motion to
2   consolidate this case with another action before this Court, Kagan
3   v. Wachovia Securities, LLC, No. 09-5337 (N.D. Cal., filed Nov. 10,
4   2009) ("Kagan").  ECF No. 66 ("Pl.'s Mot.").  Defendants argue that
5   their Motion to Dismiss, if granted, would render Plaintiff's
6   Motion moot, but do not oppose Plaintiff's Motion in the event
7   their Motion to Dismiss is denied.  ECF No. 67.  For the following
8   reasons, the Court DENIES Defendants' Motion to Dismiss, GRANTS
9   Plaintiff's Motion to Consolidate, and CONSOLIDATES this action
10  with Kagan.

11

12  **II.   BACKGROUND**

13        As it must on a Federal Rule of Civil Procedure 12(b)(6)
14  motion, the Court assumes the truth of the well-pleaded facts in
15  Plaintiff's Complaint.  Plaintiff maintained an account with
16  "Wachovia Securities," which he claims is "a trade name that was
17  owned at varying times by each of the four Defendants."  ECF No. 1
18  ("Compl.") ¶ 6.  In 1998, Plaintiff purchased securities issued by
19  Asia Pulp and Paper Company ("APP") through his account with
20  Wachovia Securities.  Id. ¶ 21.  Plaintiff alleges that it is a
21  custom in the industry that when a client buys securities through a
22  brokerage firm, the firm holds the securities in its own name
23  (referred to as "street name"), rather than in the client's name.
24  Id. ¶ 22.  Under this arrangement, the client is the beneficial
25  owner of the securities and the broker is the record owner of the
26  securities.  Id.  Plaintiff alleges that this practice serves "as
27  an accommodation to the brokerage firm, in order to allow
28  securities to be easily transferred between parties.  By holding

**United States District Court**
For the Northern District of California

1  the securities in street name, the brokerage firm can avoid delays

2  associated with the transfer of ownership and quickly settle

3  trades." Id. ¶ 23.  Plaintiff alleges that under this arrangement,

4  the broker has the responsibility to forward to the client

5  "information related to that security, such as proxy statements or

6  Class Action Notices." Id. ¶ 24.

7      In 2001, APP was sued in the Southern District of New York for

8  violation of securities law. In Re Asia Pulp & Paper Sec. Lit.,

9  No. 01-CV-7451 (filed Aug. 8, 2001) ("APP").  A settlement was

10  reached around November 30, 2005; under the settlement, APP agreed

11  to pay around $46 million to investors who purchased certain APP

12  securities during the period August 28, 1998 to April 4, 2001.

13  Compl. ¶¶ 19, 20.  Plaintiff alleges that because he purchased the

14  APP securities through Wachovia Securities on September 11, 1998,

15  he is a member of the settlement class. Id. ¶ 21.

16      Plaintiff alleges that the APP court ordered record owners,

17  such as Defendants, to provide a copy of the notice of class action

18  settlement to the beneficial owners. Id. ¶ 25.  Plaintiff alleges

19  that Defendants failed to provide such notice, and as a result,

20  Plaintiff was denied the opportunity to benefit from the

21  settlement. Id. ¶ 26.  Plaintiff brings three causes of action

22  against Defendants: breach of contract, negligence, and breach of

23  fiduciary duty. See id.  As to the breach of contract claim,

24  Plaintiff alleges that "[b]y titling securities belonging to Named

25  Plaintiff and Class Members in street name, Wachovia agrees to

26  provide Named Plaintiff and Class Members with all relevant

27  communications pertaining to those securities." Id. ¶ 28.  In

28  pleading its negligence claim, Plaintiff alleges that Defendants

**United States District Court**
For the Northern District of California

were "under a duty to either forward the Notice to Named Plaintiff and Class Members" or provide their contact information to the settlement administrator, Analytics, Inc., and alleges that Defendants breached this duty.  Id. ¶¶ 31-34.  As to his breach of fiduciary duty claim, Plaintiff alleges that Defendants owed Plaintiff a fiduciary duty to forward communications concerning securities held in street name, and breached this duty by failing to forward the notice to Plaintiff.  Id. ¶ 35-37.

Plaintiff filed suit in the District Court for the Southern District of Indiana on November 23, 2009.  See Compl.  On January 25, 2011, Plaintiff filed a motion to transfer the case to the Northern District of California, citing Kagan, an earlier-filed action which Plaintiff claims to be a nearly identical suit "based upon the same facts which gave rise to Mr. Balkema's claim."  ECF No. 41. at 1-2.  Defendants did not oppose the Motion, and the district court in Indiana ordered the case transferred to this Court.  ECF No. 42.

Now Defendants move to dismiss the action.  Defendants admit that the arguments they raise in their Motion were made in a similar motion filed in Kagan and were subsequently rejected by the Court.  They argue that whereas the Court applied California law in Kagan, Indiana law should apply to this action, and that under Indiana law, Plaintiff's Complaint is time-barred.  Defendants additionally argue that Plaintiff's breach of fiduciary duty claim should be dismissed because "Plaintiff pleads no facts giving rise to a fiduciary relationship" and that the breach-of-contract claim should be dismissed because "Plaintiff does not plead sufficient factual detail concerning the alleged contract."

4

III. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

IV. **DISCUSSION**

Defendants admit that Plaintiff's Complaint is "substantively similar" to Kagan, and additionally admit that Kagan survived a motion to dismiss raising similar statute-of-limitations and Rule 12(b)(6) arguments.  Mot at. 1.  Defendants argue that whereas the

1  Court's order denying the <u>Kagan</u> motion to dismiss applied

2  California law, the Court should apply Indiana law to this action,

3  citing <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 519 (1990) (holding

4  that when a case is transferred on a plaintiff's motion under 28

5  U.S.C. § 1404(a), the transferee forum should apply the law of the

6  transferor court).  Defendants allege that under Indiana law,

7  Plaintiff's claims are time-barred.  <u>Id.</u>  Plaintiff disputes that

8  Indiana law applies, writing: "Named Plaintiff believes the Court

9  will choose to apply either the law of California or the state

10  specified in the choice of law provision, if any, contained in the

11  parties' brokerage agreement, a copy of which will be obtained in

12  discovery."  Opp'n at 2 n.2.  Plaintiff additionally alleges that

13  even if the Court determines that Indiana law applies, Defendants'

14  Motion should be denied.  <u>Id.</u>

15      Plaintiff cites no law to challenge the applicability of

16  <u>Ferens</u>.  Nor does he cite any law to support his proposition that

17  California enforces choice-of-law provisions in brokerage

18  agreements.  Therefore, for the purposes of ruling on this Motion,

19  the Court assumes Indiana law, rather than California law, applies.

20      In Indiana, "[a] cause of action accrues, and the statute of

21  limitations begins to run, when the plaintiff knew or in the

22  exercise of ordinary diligence could have discovered that an injury

23  had been sustained as a result of the tortious act of another."

24  <u>Del Vecchio v. Conseco, Inc.</u>, 788 N.E. 2d 446, 449 (Ind. Ct. App.

25  2003).  Defendants allege that Plaintiff had notice of the

26  settlement by February 27, 2006, when notice of the settlement was

27  published in the Wall Street Journal and the Financial Times.  Mot.

28  at 8.  Defendants argue that Plaintiffs could have "discovered,"

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   through ordinary diligence, the alleged tortious conduct."  Id.

2       Plaintiff argues that notice by publication alone is not

3   enough to provide him with notice of the settlement; Plaintiff

4   alleges that the APP court approved an "entire notice scheme,

5   including the requirement that the brokerage firms holding the

6   securities in street name make arrangements for beneficial owners

7   to receive direct notice of the settlement."  Opp'n at 5-6.

8       The Court agrees with Plaintiff.  Plaintiff alleges that

9   Defendants failed to provide Plaintiff with direct notice of the

10  settlement, and this forms the basis of his claims.  That it is

11  unchallenged that notice of the settlement was published in the

12  Wall Street Journal and the Financial Times does not establish that

13  Plaintiff could have discovered a sustained injury as a result of

14  Defendants.  As such, the Court finds that the issue of when

15  Plaintiff learned of the alleged injury is a factual matter not

16  appropriate for determination on this Motion to Dismiss.

17      Defendants additionally argue that Plaintiff's breach of

18  fiduciary duty claim fails because the Complaint pleads no facts

19  giving rise to a fiduciary relationship.  Mot. at 9.  Defendants

20  allege that "Indiana courts 'have never held' that a 'special

21  fiduciary trust' exists between a broker and its client."  Id.

22  (quoting Dolatowski v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,

23  808 N.E. 2d. 676, 681-82 (Ind. Ct. App. 2004)).  Defendants allege

24  that a fiduciary relationship between a broker and client exists

25  "only in specific factual circumstances."  Mot. at 9.

26      Plaintiff responds that he has pleaded sufficient facts to

27  establish the existence of a fiduciary relationship based on the

28  "simple proposition that one who holds title to property for the

benefit of another owes a fiduciary duty to the beneficial owner, as a trustee." Opp'n at 7.

The Court agrees with Plaintiff; Plaintiff has adequately pleaded a claim for breach of fiduciary duty given the allegation that as the record owner of Plaintiff's securities, Defendants held title to Plaintiff's securities for the benefit of Plaintiff.

Finally, Defendants argue that Plaintiff's breach of contract claim fails because Plaintiff does not plead sufficient factual detail concerning the alleged contract. Mot. at 10. Defendants argue that "Plaintiff's conclusory allegation of an implied contract . . . is not sufficient to state a claim for breach of contract." Id. Defendants claim that under Indiana law, to establish that an implied contract existed between the parties, a plaintiff "must show that the parties' actions evidenced a mutual agreement and an intent to promise." Id. (citing Ahuja v. Lynco Ltd. Med. Research, 675 N.E. 2d 704, 709 (Ind. Ct. App. 1996)). Defendants allege that to state a claim under Rule 12(b)(6), Plaintiff must plead (1) what promises defendant made to plaintiff, (2) how these promises were communicated, (3) what plaintiff promised in return, or (4) how these promises created an implied contract. Mot. at 10.

Plaintiff counters that he has properly pleaded "the grounds upon which the contract was formed, and the nature of the promises made." Opp'n at 9. In support, Plaintiff cites to his Complaint: "By titling securities belonging to Named Plaintiff and Class Members in street name, Wachovia agrees to provide Named Plaintiff and Class Members with all relevant communications pertaining to those securities." Compl. ¶ 28.

United States District Court
For the Northern District of California

The Court agrees with Plaintiff.  Plaintiff has identified a specific bargain between Plaintiff and Defendants giving rise to a claim for breach of an implied contract: Defendants titled Plaintiff's securities in street name "as an accommodation to the brokerage firm, in order to allow securities to be easily transferred between parties." Opp'n at 9.  In exchange, Defendants agreed to provide Plaintiff with all relevant communications pertaining to these securities.  As such, the Court finds Plaintiff's breach-of-contract claim to be adequately pleaded.

**V.    CONCLUSION**

For the foregoing reasons, the Court DENIES the Motion to Dismiss brought by Defendants Wells Fargo Advisors, LLC (sued under this name and under the name "Wachovia Securities, LLC") and Wells Fargo Advisors Financial Network, LLC (sued under this name and under the name "Wachovia Securities Financial Network, LLC").  The Court GRANTS Plaintiff Brent Balkema's unopposed motion to consolidate, and CONSOLIDATES this action with Kagan v. Wachovia Securities, LLC, No. 09-5337 (N.D. Cal., filed Nov. 10, 2009), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


Dated: July 5, 2011

_____

UNITED STATES DISTRICT JUDGE