**United States District Court**
For the Northern District of California

1
2
3
4              IN THE UNITED STATES DISTRICT COURT
5            FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    THEODORE KAGAN, et al,            ) Case Nos. 09-5337 SC
                                       )           11-0412 SC
8         Plaintiffs,                  )
                                       ) ORDER DENYING PLAINTIFFS'
9      v.                              ) AMENDED MOTION FOR
                                       ) PRELIMINARY APPROVAL OF
10   WACHOVIA SECURITIES, L.L.C., et   ) PROPOSED CLASS SETTLEMENT
     al,                               )
11                                     )
                                       )
12        Defendants.                  )
13   _____ )

14        This Order addresses the second effort by Plaintiffs to secure

15   preliminary approval of a class-wide settlement.  ECF No. 96 ("Am.

16   Mot.").[1]  The Court and parties are familiar with the background of

17   the case, so the Court will not recite it here.  In short,

18   Plaintiffs' second effort comes much closer than the first to

19   meeting the standards for preliminary settlement class

20   certification, and the Court recognizes that the parties have

21   addressed many of the concerns articulated in the Court's April 2,

22   _____

23   [1] Counsel for Plaintiffs, Richard L. Kellner, submitted a
     declaration in support of the amended motion.  ECF No. 96-1.  Mr.
     Kellner later submitted an amended declaration.  ECF No. 97
24   ("Kellner Am. Decl.").  The Court considers only the amended
     declaration.  Attached to the amended declaration as Exhibit A is
25   the parties' settlement agreement and various supporting documents.
     With less than ideal clarity, Plaintiffs' counsel uses the letter
26   "A" a second time to label the agreement itself; they then label
     the agreement's supporting documents as Exhibits B, C, and so on,
27   up to G.  Then there is a second exhibit labeled Exhibit B, which
     is the resume of Plaintiffs' counsel's firm.  For purposes of this
28   Order, the Court refers only to the first set of exhibits, i.e.,
     the settlement agreement and supporting documents.

**United States District Court**
For the Northern District of California

1  2012 Order.  ECF No. 93 ("Apr. 2 Order").  Nevertheless, the Court

2  is still concerned about the notice that the parties propose to

3  send to potential class members.  Kellner Am. Decl. Ex. B ("Not.").

4      Previously, the Court stated that the proposed notice was

5      simply too long.  The Court is concerned that few class
       members will read a fifteen-page, single-spaced Class
6      Notice without having been given some initial hint as to
       why they should bother.  The parties should provide an
7      industry-standard short-form notice that directs them to
       the long-form notice for details.

8

9  Apr. 2 Order at 19.  The parties have responded to this guidance by

10 averring that they "will provide a short industry standard form

11 notice that provides all the necessary information, while

12 simultaneously providing class members with a means to access more

13 detailed information if the class members desire that information."

14 Am. Mot. at 15.  They then explain that the proposed notice

15 contains all the information required by Federal Rule of Civil

16 Procedure 23(e)(1).[2]

17     This is true, but it does not adequately address the problem

18 that the Court previously identified.  The problem with the

19 proposed notice is not that it provides too little information, but

20 too much.  The district court "must direct to class members the

21 best notice that is practicable under the circumstances . . . ."

22 Fed. R. Civ. P. 23(c)(2)(B).  The notice must be concise.  Id.

23 Indeed, as the treatise cited in Plaintiffs' moving papers

24 explains: "The notice should be brief and reasonably clear to the

25 minimally sophisticated layperson."  3 Newberg on Class Actions §

26 8:32 (4th ed.).

27

28 [2] Rule 23(e)(1) provides, in full, that "[t]he court must direct
    notice in a reasonable manner to all class members who would be
    bound by the proposal."

**United States District Court**
For the Northern District of California

1    The notice proposed here is not brief, and Plaintiffs'

2  description of the eight-page, single-spaced, small-type notice as

3  "short" misses the mark.  On the contrary, for a "minimally

4  sophisticated layperson," the parties' proposed notice would seem

5  lengthy and daunting; it would be unlikely to result in further

6  inquiry.  The parties are to be commended for setting up a website

7  that will provide interested potential class members with further

8  detail about the settlement.  <u>See</u> Not. at 2, 4, 7, 8 (placeholders

9  referring to planned website).  But the Court is puzzled why the

10  parties do not simply send potential class members a brief, bare-

11  bones letter or postcard directing them to the website.  Indeed,

12  the mailing's main objective should be to entice potential class

13  members to view the website.

14    Because the Court determines that, under the circumstances of

15  this case, the notice proposed by the parties is not the best

16  notice practicable under the circumstances nor reasonably concise,

17  as required by Rule 23, the Court DENIES WITHOUT PREJUDICE

18  Plaintiffs' amended motion for preliminary approval of the proposed

19  class settlement.  Plaintiffs may submit a second amended motion

20  and supporting materials within thirty (30) days of this Order.

21

22    IT IS SO ORDERED.

23

24    Dated: August 1, 2012

25                                             _____
                                              UNITED STATES DISTRICT JUDGE

26

27

28