IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE KAGAN, et al, | ) Case Nos. 09-5337 SC |
| | )          11-0412 SC |
| Plaintiffs, | ) |
| | ) ORDER DENYING PLAINTIFFS' |
| v. | ) AMENDED MOTION FOR |
| | ) PRELIMINARY APPROVAL OF |
| WACHOVIA SECURITIES, L.L.C., et al, | ) <u>PROPOSED CLASS SETTLEMENT</u> |
| | ) |
| Defendants. | ) |
| | ) |

   This Order addresses the second effort by Plaintiffs to secure preliminary approval of a class-wide settlement. ECF No. 96 ("Am. Mot.").[1] The Court and parties are familiar with the background of the case, so the Court will not recite it here. In short, Plaintiffs' second effort comes much closer than the first to meeting the standards for preliminary settlement class certification, and the Court recognizes that the parties have addressed many of the concerns articulated in the Court's April 2,

---

[1] Counsel for Plaintiffs, Richard L. Kellner, submitted a declaration in support of the amended motion. ECF No. 96-1. Mr. Kellner later submitted an amended declaration. ECF No. 97 ("Kellner Am. Decl."). The Court considers only the amended declaration. Attached to the amended declaration as Exhibit A is the parties' settlement agreement and various supporting documents. With less than ideal clarity, Plaintiffs' counsel uses the letter "A" a second time to label the agreement itself; they then label the agreement's supporting documents as Exhibits B, C, and so on, up to G. Then there is a second exhibit labeled Exhibit B, which is the resume of Plaintiffs' counsel's firm. For purposes of this Order, the Court refers only to the first set of exhibits, i.e., the settlement agreement and supporting documents.

2012 Order.  ECF No. 93 ("Apr. 2 Order").  Nevertheless, the Court is still concerned about the notice that the parties propose to send to potential class members.  Kellner Am. Decl. Ex. B ("Not.").

> Previously, the Court stated that the proposed notice was simply too long.  The Court is concerned that few class members will read a fifteen-page, single-spaced Class Notice without having been given some initial hint as to why they should bother.  The parties should provide an industry-standard short-form notice that directs them to the long-form notice for details.

Apr. 2 Order at 19.  The parties have responded to this guidance by averring that they "will provide a short industry standard form notice that provides all the necessary information, while simultaneously providing class members with a means to access more detailed information if the class members desire that information."  Am. Mot. at 15.  They then explain that the proposed notice contains all the information required by Federal Rule of Civil Procedure 23(e)(1).[2]

This is true, but it does not adequately address the problem that the Court previously identified.  The problem with the proposed notice is not that it provides too little information, but too much.  The district court "must direct to class members the best notice that is practicable under the circumstances . . . ."  Fed. R. Civ. P. 23(c)(2)(B).  The notice must be concise.  Id.  Indeed, as the treatise cited in Plaintiffs' moving papers explains: "The notice should be brief and reasonably clear to the minimally sophisticated layperson."  3 Newberg on Class Actions § 8:32 (4th ed.).

---

[2] Rule 23(e)(1) provides, in full, that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."

The notice proposed here is not brief, and Plaintiffs' description of the eight-page, single-spaced, small-type notice as "short" misses the mark.  On the contrary, for a "minimally sophisticated layperson," the parties' proposed notice would seem lengthy and daunting; it would be unlikely to result in further inquiry.  The parties are to be commended for setting up a website that will provide interested potential class members with further detail about the settlement.  <u>See</u> Not. at 2, 4, 7, 8 (placeholders referring to planned website).  But the Court is puzzled why the parties do not simply send potential class members a brief, bare-bones letter or postcard directing them to the website.  Indeed, the mailing's main objective should be to entice potential class members to view the website.

Because the Court determines that, under the circumstances of this case, the notice proposed by the parties is not the best notice practicable under the circumstances nor reasonably concise, as required by Rule 23, the Court DENIES WITHOUT PREJUDICE Plaintiffs' amended motion for preliminary approval of the proposed class settlement.  Plaintiffs may submit a second amended motion and supporting materials within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: August 1, 2012

_____
UNITED STATES DISTRICT JUDGE