UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE KAGAN, JAMES AVEN, FRANCES LEVY, ELAINE SOFFA, JOSEPH SOFFA, and ALBERKRACK FAMILY LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WACHOVIA SECURITIES, L.L.C., a North Carolina limited liability company; WACHOVIA SECURITIES FINANCIAL NETWORK, L.L.C., a North Carolina limited liability company; WACHOVIA CAPITAL MARKETS, L.L.C., a North Carolina limited liability company; WELLS FARGO ADVISORS, L.L.C., a Delaware limited liability company; WELLS FARGOADVISORS FINANCIAL NETWORK, L.L.C., a Delaware limited liability company; WELLS FARGO SECURITIES, L.L.C., a Delaware limited liability company; WELLS FARGO & COMPANY, a | Case No. 3:09-cv-05337-SC and 3:11-CV-0412 -SC<br><br>Hon. Samuel Conti<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br><u>Hearing</u><br>Date:      January 25, 2013<br>Time:     10:00 a.m.<br>Courtroom: 1 – 17th Floor |

1  Delaware corporation; and DOES 1 through10, inclusive,
2          Defendants.

3  
4  BRENT BALKEMA, as Trustee for the Jesse J. Balkema Rev Trust, on behalf of himself and all others similarly situated,
5  
6  
7          Plaintiff,

8          vs.

9  WACHOVIA SECURITIES, LLC, a North Carolina limited liability company, WACHOVIA SECURITIES FINANCIAL NETWORK, LLC, a North Carolina limited liability company, WELLS FARGO ADVISORS LLC; a Delaware limited liability company, WELLS FARGO SECURITIES FINANCIAL NETWORK, LLC, a Delaware limited liability company,
10  
11  
12  
13  
14  
15          Defendants.

16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the 25th day of January, 2013, a hearing pursuant to Fed. R. Civ. P. 23(e) was held before this Court for the following purposes:

    a. To finally determine whether the Class satisfies the applicable prerequisites for certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b);

    b. To determine whether the proposed settlement, as reflected in the Stipulation and Settlement Agreement (the "Stipulation") attached to the motion for preliminary approval [Dkt. No. 101], is fair, reasonable, and adequate, and should be finally approved by the Court;

    c. To determine whether the proposed Order and Final Judgment should be entered, and to determine whether the release by the Class, as set forth in the Stipulation, should be provided;

    d. To consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

    e. To rule upon such other matters as the Court may deem appropriate.

NOW, THEREFORE, IT IS HEREBY ORDERED, this __25th__ day of __January__ 2013, that:

1. The Court finds that the prerequisites under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class Members that they represent; (d) the Plaintiffs have represented, and will fairly and adequately represent, the interests of Class Members; (e) questions of law and fact common to Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Accordingly, Pursuant to Fed. R. Civ. P. 23, and the Court's prior certification order, the Court hereby finally certifies this action as a class action with the class defined as follows:

> All persons who were beneficial owners during the APP Class Period of APP Securities purchased during the APP Class Period of which Defendants were record owners and who held accounts with Defendants during the Class Period and who meet the following requirements: (i) for whom Defendants were ordered in the APP Order to either provide a copy of the APP Notice or provide name and address information to the APP Settlement Claims Administrator pursuant to the APP Order and APP Notice; (ii) who were not provided a copy of the APP Notice and/or whose last known address information was not provided to the APP Settlement Claims Administrator; (iii) who would have been entitled to a payment pursuant to the APP Settlement; (iv) who did not receive a payment pursuant to the APP Settlement; and (v) who are not excluded from the Class by operation of the definition of Class Member below or by opting out of the Class and provided in the Preliminary Approval Order.

3. Furthermore, pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies Plaintiffs Theodore Kagan, James Aven, Frances, Levy, Elaine Soffa, Joseph sofa, Alberkrack Family Limited Partnership and Brent Balkema ("Plaintiffs"), pending in the United States District Court for the Northern District of California, Case Nos. 3:09-cv-05337-SC and 3:11-CV-0412 -SC, as Class Representatives for the Class and Kabateck Brown Kellner, LLP as Counsel for the Class ("Class Counsel").

4. Notice of the pendency of this action (the "Action") as a class action and of the Stipulation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed settlement embodied in the Stipulation met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Stipulation and the settlement embodied therein is approved as fair, reasonable, and adequate.

6. The obligations incurred pursuant to the Stipulation are in full and final disposition of the Action and any and all Released Claims as against all Released Parties, as defined in the Stipulation.

1 | 7. The operative complaint in the Action is hereby dismissed with prejudice as
2 | against Defendants.
3 | 8. Plaintiffs and all Class Members on behalf of themselves, their heirs,
4 | executors, administrators, successors and assigns, hereby, with respect to each and
5 | every Released Claim (as defined in the Stipulation), release and forever discharge, and shall
6 | forever be enjoined from prosecuting, any Released Claims against any of the Released Parties,
7 | whether or not such Plaintiffs and/or Class Members execute and deliver a Claim Form.
8 | 9. The Court finds that all parties and their counsel have complied with
9 | each requirement of the Federal Rules of Civil Procedure as to all proceedings
10 | herein.
11 | 10. The Court further finds that the response of the Class to the
12 | proposed settlement embodied in the Stipulation supports final settlement approval.  No Class
13 | Member has filed an objection to the proposed settlement and two Class Members requested
14 | exclusion from the settlement.
15 | 11. Class Counsel are hereby awarded the following attorneys' fees and costs:  (i)
16 | attorneys fees -- $85,000.00; and (ii) costs - $3,073.28, which sum the Court finds to be fair and
17 | reasonable, which shall be paid to Plaintiffs' Counsel directly by Defendants.
18 | 12. The Court also awards an incentive award directly to the Class Representatives, to
19 | be paid directly by Defendants, as follows: $750.00 for Plaintiff Kagan; $500 for each other
20 | Class Representative for his, her or its services as a class representative.
21 | 13. This Court retains jurisdiction over the parties and the Class Members for all
22 | matters relating to this Action, including the administration, interpretation, effectuation or
23 | enforcement of the Stipulation and this Order and Final Judgment.

**IT IS SO ORDERED.**

Dated: January 25, 2013        By: _____[signature]_____
                                    The Honorable Samuel Conti
                                    United States District Court Judge